**David CHEATHAM, Appellant,**

**The Equitable Life Assurance Society of the United States and the United States of America, Defendants,**

v.

**Elizabeth CHEATHAM, Appellee.**

**No. 12722.**

United States Court of Appeals
Sixth Circuit.

July 13, 1956.

John J. Hooker, Nashville, Tenn. (Hooker, Keeble, Dodson & Harris, Nashville, Tenn., on the brief), for appellant.

R. C. Boyce, Jr., Nashville, Tenn., for appellee.

Before SIMONS, Chief Judge, McALLISTER, Circuit Judge, and STARR, District Judge.

STARR, District Judge.

David Cheatham, one of the defendants in the trial court, appeals from a judgment for Elizabeth Cheatham, plaintiff and appellee, entered on the jury's return of a special verdict, and from the order denying his motion for a new trial.

Plaintiff and Fletcher Burkette Cheatham, a brother of defendant David Cheatham, were married in 1938 and thereafter lived together in Detroit, Michigan. On April 1, 1951, defendant The Equitable Life Assurance Society of the United States issued to plaintiff's husband its certificate under an employee group insurance policy, whereby it agreed that

upon his death it would pay to plaintiff, his wife, as the designated beneficiary the sum of $7,500. Plaintiff's husband, while serving in the armed forces of the United States prior to January, 1944, applied for and received a policy of national service life insurance in the amount of $10,000, and in March, 1951, he converted this policy into a so-called five-year-level-premium-term plan insurance policy, and designated plaintiff, his wife, as the beneficiary.

Plaintiff's husband became ill in 1949, underwent medical treatment, later suffered from epileptic seizures, was hospitalized, and in April, 1952, was operated on for a malignant tumor of the brain. He never thereafter fully recovered his health. In September, 1952, he went to Tennessee with his brother, defendant David Cheatham, who was a practicing attorney in Pulaski. Thereafter his brother on one or more occasions advised him on legal matters relating to his life-insurance policies and regarding his making a will. On December 11, 1952, he designated his brother as a substitute beneficiary in place of the plaintiff, his wife, in both the Equitable Life policy and the national service policy. He died in Pulaski September 11, 1953.

In her complaint in the district court plaintiff alleged in substance that her husband, Fletcher Burkette Cheatham, by reason of his physical and mental illness resulting from a malignant tumor of the brain and a surgical operation therefor, was without mental capacity to change the beneficiary designated in his insurance policies, and that his brother, defendant David Cheatham, by undue influence and duress had induced him to change the beneficiary and to designate said brother, David Cheatham, as beneficiary in place of plaintiff, his wife. The plaintiff asked that the purported change of beneficiary in the policies be declared null and void; that she be determined to be the beneficiary under the policies; and that judgment be entered in her favor against defendants Equitable Life Assurance Society and the United States of America under their respective policies. It may be noted that the defendant insurers admit liability under their policies.

Defendant David Cheatham answered, denying the material allegations of the complaint and plaintiff's right to the relief sought. The case was tried to a jury, and at the conclusion of proofs plaintiff's counsel agreed that the sole issue was whether the brother, defendant David Cheatham, had by undue influence and duress induced plaintiff's husband to change the beneficiary in the two insurance policies. The trial court instructed the jury to return a special verdict [1] upon the issue of undue influence, and this issue was submitted to the jury in the following form:

"On December 11, 1952, was the change of beneficiary by the deceased, Fletcher Burkette Cheatham, from his wife to his brother (David Cheatham) under the two policies of insurance in question the result of undue influence asserted over the deceased by his brother to the extent that in making such changes he was deprived of his free agency and discretion?

"Answer (Yes) or (No)."

The jury returned its answer and verdict of "Yes" to the special issue of undue influence, and the court accordingly entered judgment for plaintiff Elizabeth Cheatham, as beneficiary under the Equitable Life policy and the national service life policy. Defendant David Cheatham's motion for a new trial was denied, and he appeals.

The question of fact as to whether defendant David Cheatham had by undue influence induced his brother, Fletcher Burkette Cheatham, to change the beneficiary in the two insurance policies was properly submitted to the jury. The jury was the trier and the sole judge of the facts, and of the credibility of witnesses and the weight to be given their testimony. It would serve no purpose to dis-

---

1. Rules 49(a) and 58 as amended, Federal Rules of Civil Procedure, 28 U.S.C.A.

cuss the testimony in detail. Suffice it to say that there was evidence presented which, viewed in the light most favorable to the plaintiff, supported the jury's special verdict and finding of fact that defendant David Cheatham had by undue influence wrongfully induced the plaintiff's husband to change the beneficiary in his insurance policies. Therefore, the defendant's motion for a new trial was properly denied, and the judgment in favor of plaintiff Elizabeth Cheatham is affirmed.